Wheeler, J.
For the plaintiff in error it is insisted—
1st. That t._j evidence does not show title in the plaintiff.
2d. That it til cl not authorize a verdict for the amount found by the .jury, ami that the verdict is excessive; and
3d. That it does not support the averment in the petition that the plaintiff was an infant and within tiie exception of tiie statute of limitations in favor of infants.
1. The evidence relied on by the plaintiffs to establish their title by gift to the property in question consisted of the acts and declarations of the donor. These were numerous and continuous, and were, we think, of a character to warrant the jury in finding tiie fact of a.gift. But it is insisted that the gift was incomplete and ineffectual for tiie waiit of a delivery of tiie possession of tiie property by tiie donor to the donee ; and we,'are referred to the decision of this court in t.lie case, of Clievallier v. Wilson and Wife, (1 Tex. R., 161.) There can be no doubt that by the, common law delivery of possession is essential to the validity of a parol gift, and so this court held in the case cited. The necessity of a delivery, says Chancellor Kent, lias been maintained in every period of the English law. (2 Kent Com.. 438; 2 Bl. Com., 441; 10 Johns. R., 292.)
But what will amount to a delivery must depend upon the nature of-tiie thing and the circumstances of tiie case. Aetna], manual delivery is not in all cases, necessary. Where I lie tiling- is incapable of actual delivery, or where tiie situation of the parties or tiie circumstances of the case will not admit of it, it may be symbolical or constructive. (2 Kent Com., 439; 7 S. & M. R., 428 ; 9 Ala. R., 391.) There may be circumstances under which a gift may be complete and valid, as between donor and donee, without delivery, and the possession of the former will not be inconsistent with the right of the latter.
Thus, where t.lie, donee of personal property was under the age of twenty-one years, and lived with his father, tiie donor, the possession by the donor of the gift was held to be consistent with the donee’s right. (1 Ala. R., 52.)
In tiie case of Howard v. Williams the court of appeals of South Carolina held that a gift by a father (o his daughter of an inconsiderable, part of liis property, made at a time when he was solvent, will be supported against subsequent creditors even without notice, although tiie father retain possession if the daughter were a minor and continued to reside with him, and the gift were bona fide, and free from all trick and contrivance to defeat creditors. (1 Bail. R., 575.) A fortiori the gift would be valid as between donor and donee.
Upon the principle of these authorities tiie gift in the present case ought, perhaps, to he supported without a delivery or any equivalent act if it liad been made clearly to appear in evidence tiiat the donee was a minor, living with tier father, the donor. Such probably was the fact, but it does not so appear conclusively from the evidence embodied in the record.
The branding and recording of the brand, however, used as evidence of ownership, considered in reference to tiie diameter of the property and the circumstances of the case, was, it is conceived, such a symbolical or constructive delivery in respect to this property as was equivalent to actnal delivery. These acts afforded, perhaps, as satisfactory evidence of the Intent ion of the donor to part with the dominion and ownership of tiie properly as the nature of *26 the case would admit of. It is analogous to a gift by deed or writing, which, as between donor and donee, has been held tantamount to a delivery. (9 Port. R., 650; 2 Yerg. R.. 582 ; 2 B. & Aid. R., 351.) On I he. qnest ion of title; therefore, the evidence was, we think, sufficient to authorize the verdict.
2. Did the evidence authorize a verdict for the amount found by tlie jury, or does the verdict give excessive damages?
There are in this case no circumstances of aggravation to authorize the giving of vindictive or exemplary damages. It is a case in which the measure of damages is compensation for tlie actual pecuniary loss directly sustained. And that is to be estimated by the value of the property. Bat there is no evidence of any value, except the admission of the defendant that he owed his daughter three or four hundred dollars for her cattle sold by him. But this admission did not authorize a verdict for nearly six hundred dolíais. Where tlie invasion of a right is established, the law infers some damage to the plain till, and if no evidence is given of any particular amount of loss, it awards what is termed nominal damages, which is some very smail amount. Where properly is in question, the value of the article, as nearly as it can be ascertained, furnishes a rule from which the jury are not at liberiy to depart. The measure of damages in this case is a question of law, and'where there is a legal ride for the measurement of damages, the jury must follow it. (8 Wend. R., 505; 2 N. & McC. R., 516; 3 McC., 498; 4 Id., 156; Sedg. on Dam., 30.)
It was incumbent on tlie plaintiff to prove tlie value of the property, or to furnish some data by which its value might be ascertained. The admission of the defendant was sufficient to authorize a verdict for the amount admit led to be due. But the verdict was for a much larger amount, and the evidence furnishes no data by which that amount could have been arrived at by any rule or principle, of law by which it was competent for the jury to estimate, the damages. The objection to the. verdict in this particular, however, is thin it, gives excessive damages, and chis constituted a distinct and independent ground for a now trial. But, it was not made a ground by a written specification accompanying the motion, as the statute requires. (Hart. Dig., art. 700.) It, cannot, therefore, be now insisted on as a ground for reversing (lie judgment. But it lias been deemed deserving of notice because presented in argument, and to avoid its being made a question in tlie event of another appeal.
3. The remaining question is as to the effect of the statute of limitations upon the. plaintiff’s right to recover. All the items in the account sued oil to which (lie evidence relates, except two amounting to the aggregate, sum of three hundred and sixteen dollars, appear upon the face of the' Recount to have been barred by the. statute at the commencement of the suit. The statute was pleaded, and to take tlie case out of its operation the plaintiffs alleged in their amended petition, in effect, that, the, plaintiff Caroline was an'infant under the age of twenty-one years, and that she arrived at the age of majority on the 27tli day of October, 1S48, less than two years next before the commencement of filis suit, and comes, therefore, within the except ion contained in tlie eleventh section of the statute, saving lire right of infants. This av"i-me.nt, it was incumbent on the. plaintiffs to prove, yet the only evidence in its support is that in 1842 the plaintiff Caroline was “a smail girl,” that “two years ago” — that is, two years before the trial in the fall of 1S50 — she was “upwards of twenty-one years of age.”
This evidence cannot be held to amount to proof that this plaintiff arrived at tlie age of twenty-one years on the 27tli day of October, 1848, as alleged in the petition, or at any time within two years next, before the commencement of tlie suit. Tiro plaintiffs, therefore, have failed to make out in evidence a case within tlie exception of the statute.
A question has arisen, not, made at the, liar, whether this insufficiency of proof ought not, to have been specially assigned as error, and whether the *27 'objection ought to avail the defendant under the assignment in this ease. The court are of the opinion (to which I assent with some hesitancy) that under the decisions and practice of the court the objection is available'.
Note 8.—Hillard v. Frantz, 21 T., 192; McCulloch v. Renn, 28 T., 793; Manly v. Culver, 20 T., 143.
The conclusion therefore is that, the plaintiffs having failed to show themselves within the exception of the statute of limitations in favor of infants, and their claim, except as to three hundred and sixteen dollars, appealing to have been barred by the statute, the verdict for the amount found by the jury is contrary to the evidence.
There are a number of depositions copied into the record, but they are not referred to in or made a part of the statement oE facts. As that is certified as containing all the evidence in the case, we are not at liberty to consider these depositions as constituting any part of the evidence given on the trial. Tiie case must he tried here upon what is properly and legally the record.
We are of opinion that the judgment be reversed and the cause remanded for further proceedings.
Judgment reversed.