OSBORNE & CO. v. G. W. BARNETT.

(No. 1135, Op. Book No. 3, p. 475.)

APPEAL from Dallas County.    Opinion by WINKLER, J.

§ 125. *Jurisdiction, plea to; waiver.* It is competent for a defendant, if he chooses to do so, to waive his personal privilege as to venue. And he may confine his plea to the jurisdiction to a particular matter; and when he thus limits his exceptions to the jurisdiction as to his privilege to be sued in a particular place, it will be considered that he has waived any other question of personal privilege as to venue, and submits to the jurisdiction of the court over his person in all respects, save that pointed out in his plea.

§ 126. *Abatement, plea in; great accuracy required.* As a plea in abatement does not deny the plaintiff's cause of action, but tends to delay the trial upon the merits, great accuracy and precision is required in framing it. It must be certain to every intent, and without any repugnancy. [Carter v. Marks, 17 Tex. 539; Sayles' Pl. § 113.]

§ 127. *Transcript; citations and returns not to be inserted in, unless, etc.* Citations and returns of service thereon shall not be inserted in transcripts in cases where the defendant has answered, unless some question be made upon them which requires them to be inserted. [Rule 82 for District Courts.]

§ 128. *General exceptions; how considered.* In passing upon a general exception, every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency.

§ 129. *Constitutional law; constitution of United States.* On questions which involve the construction of the constitution of the United States, the decisions of the supreme court of the United States upon those questions should be regarded as binding authority, and followed in preference to the decisions of our state courts. This rule is announced with reference to the case of Pennoyer v.

Neff, 5 Otto, 714, in conflict with McMullen v. Guest, 6 Tex. 279; Campbell v. Wilson, 6 Tex. 379; Butterworth v. Kinsey, 14 Tex. 495, upon the question of the validity of a judgment *in personam* against a non-resident of this state, upon service of citation by publication.

§ **130.** *Damages; measure of, in suit on warranty of a machine.* In a suit for damages for breach of warranty of a machine, the true measure of damage is the difference between the value of the machine, if sound, or corresponding to the warranty at the time of the sale, and its value with the defect. [Anding v. Perkins, 29 Tex. 348.] Where the machine warranted was a mower, it was held that damages claimed for delay in harvesting, hire of another machine, and amount paid to hands who were idle, all in consequence of defects in the machine, were too remote and consequential to be recovered. To entitle a plaintiff to such damages it is necessary to show that they were contemplated by the parties, or that they should reasonably be supposed to have entered into the contemplation of the parties at the time of the contract; that is, they must be such as might naturally be expected to follow the violation of the contract. [Sedgw. on Dam. (4th ed.) p. 79 and note 1; Hope v. Alley, 9 Tex. 394.]

§ **131.** *Judgment; must conform to the pleadings.* A judgment which does not conform to the pleadings, but goes outside thereof, and determines issues and grants relief not presented or prayed for in the pleadings, is erroneous, and will be set aside on appeal. [McKey v. Welch, 22 Tex. 390; Hall v. Jackson, 3 Tex. 305; Denison v. League, 16 Tex. 399; Chrisman v. Miller, 15 Tex. 160.] See, also, R. R. Co. v. Pfeuffer, 56 Tex. 66.