

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 16, 1949

Hon. Carl Miller
Criminal District Attorney
Rockwall, Texas

Opinion No. V-826

Re: Legality of one person
holding the offices of
Justice of the Peace
and County Commissioner
at the same time.

Dear Sir:

We refer to your letter in which you ask if the same person may hold the offices of Justice of the Peace and County Commissioner of a county at the same time and note your suggestion that a negative answer may be in conflict with Section 40 of Article XVI of the Constitution of Texas, which reads in part:

"No person shall hold or exercise at the same time, more than one civil office of emolument except that of Justice of the Peace, County Commissioner, Notary Public, Postmaster, etc." (Underscoring added throughout)

The prohibition of Section 40 of Article XVI against the holding of more than one office of emolument by the same person at the same time does not apply to the offices of County Commissioner or Justice of the Peace for the reason that said offices are expressly excepted from its provisions.

However, it is a fundamental rule of law that the same person may not at the same time hold two offices, the duties of which are incompatible: This rule applies to all offices including those named in Section 40 of Article XVI. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Com. App. 1927); Knuckles v. Board of Education of Polk County, 272 Ky. 431, 114 S.W.2d 511 (1938).

The above case of Thomas v. Abernathy County Line Independent School District involved the right of the same person to hold at the same time the offices

of alderman and school trustee.  The Court decided that
the question as to whether Section 40 of Article XVI ap-
plies to said offices is immaterial because it held that
the two offices are incompatible and may not be held by
the same person at the same time.  If trustees Smith and
Lindsey vacated their offices as school trustees when
they qualified as aldermen, they could not be counted to
make a quorum of the school board.  On the point the
Court said:

> "In our opinion the offices of school
> trustee and alderman are incompatible; for
> under our system there are in the city coun-
> cil or board of aldermen various directory
> or supervisory powers exertable in respect
> to school property located within the city
> or town and in respect to the duties of
> school trustee performable within its lim-
> its--e.g., there might well arise a conflict
> of discretion or duty in respect to health,
> quarantine, sanitary, and fire prevention
> regulations.  See articles 1015, 1067, 1071,
> R.S. 1925.  If the same person could be a
> school trustee and a member of the city coun-
> cil or board of aldermen at the same time,
> school policies, in many important respects,
> would be subject to direction of the council
> or aldermen instead of to that of the trus-
> tees.

> "The result of this incompatibility is
> that Smith and Lindsey vacated the offices
> of school trustees when they qualified as
> aldermen.  State v. Brinkerhoff, 66 Tex. 45,
> 17 S.W. 109.  Hence the quorum necessary to
> enable the board of trustees to order an
> election or to canvass the returns and de-
> clare the result of an election did not ex-
> ist, if the fact allegations be true, and, in
> such event, the issuance and sale of the
> bonds and levy of the tax therefor has no law-
> ful warrant.  Those allegations, as presented,
> are duly verified and not challenged, and we
> believe the plaintiffs in error are entitled
> to the temporary injunctive relief prayed.

> "In view of what has been said, the
> question whether the office of school trustee
> or that of alderman is an office of 'emolu-
> ment' within the terms of section 40, art. 16,

of the Constitution, is immaterial, and in respect to that question we do not express or imply a conclusion."

In Knuckles v. Board of Education of Bell County, supra, the Court said:

"One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, or is subject to supervision by the other, or where a contrariety and antagonism would result in the attempt by one person to discharge the duties of both. Under this principle two offices are incompatible where the incumbent of one has the power to remove the incumbent of the other, though the contingency on which the power may be exercised is remote, and it also exists where the incumbent of one office has the power of appointment as to the other office, or to audit the accounts of another, or to exercise a supervision over another."

Section 18 of Article V of the Constitution of Texas reads in part:

"Each organized county in this State now or hereafter existing shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioners' Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election one justice of the peace. . . The County Commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State as may be hereafter prescribed."

In Attorney General's Opinion No. V-790 it was held that the Commissioners' Court may abolish old justice precincts at any time, thereby creating vacancies and fill such vacancies by appointment. We enclose a copy of this opinion.

It is the duty of the Commissioners' Court to determine whether the Justices of the Peace shall be paid on a fee or salary basis and to prescribe their compensation within the statutory limits. (Articles 3883, 3891, 3912e, V.C.S.). Justices of the Peace are required by law to make full reports to the Commissioners' Courts at each of its regular terms. (Articles 1617-1618 V.C.S., Article 1052 V.C.C.P.).

This same question was before Attorney General Looney in 1913. In discussing the matter in an opinion by Hon. C. A. Sweeton it is said,

"Under the law, a justice of the peace is charged with the duty of making a sworn report of all moneys collected by him for the use of the county, to the commissioners court of the county, which report shall show the amount of moneys collected and the disposition made of same, and said report shall be carefully examined by the commissioners court, and if found correct, by order of the court, the clerk shall enter the same on the financial ledger of the county, and if found to be incorrect, the court shall summons said justice of the peace before them and have him correct the same. Now, if it is lawful and permissible for one man to hold both positions at the same time, every member of the court could hold both positions at the same time, and in such event we would have the entire commissioners court summoning themselves to appear before themselves to make the necessary corrections in their reports. If the justice of the peace should fail to correct the report, or if, upon examination it should be ascertained that said justice of the peace was a defaulter, it would then become the duty of the commissioners court to pass an order directing that suit be brought against such officer and his official bondsmen. In such event, we would have this situation: The entire commissioners court sitting in judgment upon their own official work performed in a different official capacity. If they were inclined to be dishonest, or if they should conceive the idea of misappropriating county funds while serving in the capacity of justice of the peace, if permitted at the same time to act in the capacity of county commissioner, and pass upon their own reports, who would detect the defalcation?

"Again, the law requires the commissioners court to fill all vacancies in the office of justice of the peace. It might so happen that a vacancy might occur in the office of justice of the peace in the precinct of each county commissioner, and if permitted to hold both offices at the same time, the entire commissioners court might vote for themselves to fill such vacancies. If this should be done, they would pass upon and approve their own official bonds, because the law requires the commissioners court to approve the bond of a justice of the peace. They could, file and approve worthless bonds from which nothing could be recovered.

"The law furthermore enjoins the duty upon the commissioners court to ascertain from the report of the justice of the peace whether all fines and judgments rendered by him have been collected, and if it appears that any such fines and judgments, imposed by such officer, have not been paid and satisfied then the commissioners court shall charge such unpaid fines and judgments against the justice of the peace, and he and his bondsmen would be liable therefor, unless he could show, to the satisfaction of the commissioners court, that he had used due diligence to collect same. Here again we would have a county commissioner sitting in judgment upon his official acts performed in another and different official capacity.

"Again, the law makes it the duty of the commissioners court to require a new bond of the justice of the peace if, at any time, they should become satisfied that his bond, from any cause was insufficient. And in such case we would have a county commissioner passing upon the sufficiency and solvency of his own bond as justice of the peace.

"A number of other instances might be cited to show the incompatibility of the duties of these two positions, but we think the above are sufficient.

"After careful consideration of this subject, we have come to the conclusion that the duties of these positions are incompatible; and because of this fact, and because it would be against good, sound public policy, in the opinion of this Department, a county commissioner can not, at the same time, lawfully hold the position of justice of the peace."

Opinion of Jan. 24, 1913, 1912-14, p. 727.  This opinion was followed in 1940 by Attorney General Gerald C. Mann, 0-2640.  In view of the foregoing we are of the opinion that the same person may not hold the office of County Commissioner and Justice of the Peace at the same time because the duties of said officers are incompatible.

## SUMMARY

The same person may not hold the offices of County Commissioner and Justice of the Peace at the same time because the duties of said offices are incompatible.  Opinions of Attorney General of Jan. 24, 1913 (Opinions 1912-14, p.727) and 0-2640.  Thomas v. Abernathy County Line I.S.D., 290 S.W. 152 (Comm. App. 1927).

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL

WTW:wb:jrb
Encl.