COLLIER

v.

BANKSTON–HALL MOTORS, Inc.

No. 14767.

Court of Civil Appeals of Texas.

Dallas.

April 9, 1954.

Mullinax & Wells and Oscar H. Mauzy, Dallas, for appellant.

Johnson & Abney, Fred S. Abney, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment rendered non obstante veredicto in favor of defendant in a suit in which appellant as plaintiff sued appellee for damages for alleged fraud in the sale of an automobile.

Appellant pled that appellee committed fraud in that (1) its salesman represented to him that the automobile involved herein was a 1950 model Dodge used car when in fact it was a 1949 model; and (2) appellee failed to carry out the salesman's promise to put the car in "A-1 running condition" before final delivery to appellant.

The jury found that the salesman represented the car to be a 1950 model, that this representation induced appellant to buy the car, that the difference in market value of a 1950 model Dodge automobile and a 1949 Dodge was $250, and that appellant was entitled to $200 exemplary damages.

Appellants seven alleged points of error may be discussed under four headings:

(1) the court should have submitted certain requested special issues; (2) judgment should have been rendered for appellant on the jury's verdict; (3) under the record appellant was entitled at least to judgment for nominal damages; and (4) the court should not have rendered judgment for appellee non obstante veredicto.

Appellant's requested issues have to do with appellee's alleged fraud in failing to carry out its promise to put the automobile in "A-1 running condition." Fraud because of misrepresentation is usually limited to misrepresentation as to past or present existing facts. Failure to perform contractual agreements to do certain things in the future does not ordinarily constitute fraud. In order to do so it is necessary to prove that *at the time the promisor gave his promise he did not intend to perform it.* When the promise is uttered he must have had a design then in his mind to deceive and cheat the promisee by failing to carry out his agreement. Chicago, T. & N. C. Ry. v. Titterington, 84 Tex. 218, 19 S.W. 472; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Stuard v. Vick, Tex.Civ.App., 9 S.W.2d 494, dismissed.

Appellant's requested issues do not meet the above requirement. They inquire whether appellee promised to put the car in "A-1 running condition" and whether it failed to do so. They do not inquire whether appellee's agent, at the time he made the promise, did not intend to carry it out.

Furthermore we think the issues, even if properly framed, should not have been submitted. There is no evidence in the record to sustain their submission. On the contrary it is undisputed that appellee at appellant's request did make alterations and repairs on the car on several different occasions without charge, and on another occasion paid half the charges for work done by another shop.

Appellant's points one to four inclusive are overruled.

■ We do not agree with appellant that judgment should have been rendered for appellant on the jury's verdict. We agree with appellee that appellant pled and proved and over appellee's objection the court submitted the wrong measure of damages. Under the facts here presented the proper measure of damages is the difference in value of that which appellant parted with and that which he received under the agreement. Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889; George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A., N.S., 804. As was said in Foster v. Atlir, Tex.Com.App., 215 S.W. 955; "* * * in the absence of a finding as to the value of the respective properties the court could not render a proper judgment."

■ We think that under the record before us appellant was entitled at least to nominal damages. There was testimony and the jury found that appellee had represented that the car sold to appellant was a 1950 model. There was also testimony and the jury found that the difference in value between a 1950 model car and a 1949 model was $250. As we have already pointed out, this was not the correct measure of damages, so judgment could not be rendered for appellant for actual damages. But plainly appellant pled and proved the invasion of a legal right and some damage will be inferred, if only nominal damage. Hope v. Alley, 9 Tex. 394; Hillebrant v. Brewer, 6 Tex. 45; Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962. And under such circumstances it has been held that nominal damages need not be sued for *eo nomine*. U. S. Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289; Henry v. Williams, Tex. Civ.App., 132 S.W.2d 633; Press v. Davis, Tex.Civ.App., 118 S.W.2d 982, 996, rev. on other grounds, Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757; Miller v. Moore, Tex.Civ.App., 111 S.W. 750. In 13 Tex.Jur. 72, it is said: "Nominal damages need not be sued for *eo nomine*; the right thereto arises by reason of the allegations as to other damages involving the breach of a contract or the violation of any other legal right."

■ Appellee says that it would have been proper in this case to sustain its motion for instructed verdict, hence it was proper for the court to sustain appellee's motion non obstante veredicto. We cannot agree that it would have been proper to sustain appellee's motion for instructed verdict. Appellant obviously relied on testimony which sought to establish an erroneous measure of damages. This testimony was objected to, but not on the ground that it supported a wrong measure of damages. It would have been improper to direct a verdict against appellant under such circumstances without giving him an opportunity to supply competent proof of the correct measure of damages. Woodall v. Adams, Tex.Civ.App., 7 S.W.2d 922; 41–B Tex.Jur. 239. Further, appellant proved and the jury found that appellant had suffered an invasion of a legal right. His failure to prove the correct measure of his damages did not justify an instructed verdict against him, for as we have said earlier in this opinion, he was entitled at least to nominal damages. Henry v. Williams, Tex.Civ.App., 132 S.W.2d 633 (syl. 1); Monzingo v. Jones, Tex.Civ.App., 34 S.W.2d 662 (syl. 2); White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559 (syl. 3); 41–B Tex.Jur. 239. Since it would not have been proper for the court to sustain appellee's motion for instructed verdict, it was not proper for the court to sustain appellee's motion non obstante veredicto. Rule 301, Vernon's Texas Rules of Civil Procedure.

■ In our opinion the trial court was in error in sustaining appellee's motion for judgment non obstante veredicto. However appellee has shown that it would have been error for the court to have rendered judgment based on the jury verdict. It therefore becomes our duty to reverse and remand the case for a new trial, not to render judgment in favor of appellant. Rule 324, V.R.C.P.; Perry v. Citizens Life Ins. Co., Tex.Civ.App., 163 S.W.2d 743; Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227.

Reversed and remanded.