**Warren LEWIS, Appellant,**

v.

**Ralph WRIGHT, Appellee.**

**No. 3991.**

Court of Civil Appeals of Texas.

Waco.

April 26, 1962.

Rehearing Denied May 17, 1962.

John R. Bryant, Dallas, for appellant.

Bonney, Wade & Morgan and Minor Morgan, Dallas, for appellee.

TIREY, Justice.

Warren Lewis grounded his action for damages against Ralph Wright and Morris Robinson, individually, and dba Morris Robinson Motor Company, on fraud and deceit which he alleged was perpetrated on him by Wright and Morris Robinson, individually, and dba Morris Robinson Motor Company. Plaintiff took a default judgment against Morris Robinson, individually, and dba Morris Robinson Motor Company, and the cause proceeded to trial against defendant Ralph Wright. At the close of the testimony Wright presented his motion for directed verdict, which was overruled, and the Court submitted the cause

to the jury on 12 Issues, each of which was answered favorably to plaintiff, except Issue 7, which was not answered. That issue being: "Do you find from a preponderance of the evidence that Ralph Wright made such representation, if any you have found in answer to Special Issue No. 1, in a manner calculated to convey the impression that he had actual knowledge of the truth of such representation, if any?" Issue 1 referred to, was: "Do you find from a preponderance of the evidence that on or about October 10, 1959, Ralph Wright represented to Warren Lewis that Warren Lewis would receive the title to the Chevrolet car involved herein? To which the jury answered "Yes." The Court overruled plaintiff's motion for judgment on the verdict and his conditional request to file a separate finding of fact, and his motion to declare a mis-trial, and granted defendant's motion for judgment non obstante veredicto, and decreed that plaintiff take nothing against Wright. The judgment further decreed that plaintiff recover from Morris Robinson, individually, and dba Morris Robinson Motor Company, the sum of $3500.00 as actual damages and the sum of $2200.00 as exemplary damages with interest upon both sums at the rate of 6% from January 6, 1961. Robinson did not appeal from the judgment entered against him. Plaintiff excepted to the judgment that provided that he take nothing against Ralph Wright, and perfected his appeal to the Dallas Court of Civil Appeals.

The judgment is assailed on what appellant designates as 3 Points. They are substantially to the effect that the Court erred: (1) In submitting Special Issue No. 6 when it was of the opinion that the answer to Special Issue No. 6 was conclusively established; (2) In granting Ralph Wright's motion for judgment non obstante veredicto; (3) In denying plaintiff's motion for a new trial on the ground of newly discovered evidence.

Since the verdict was favorable to the plaintiff we have carefully considered the statement of facts in detail, and we find absolutely no evidence to tender an issue of fraud or deceit against any action, conduct or representation made by Ralph Wright to plaintiff. The evidence shows conclusively that Morris Robinson operated a rather extensive automobile sales business in the City of Dallas, individually, and dba Morris Robinson Motor Company; that Wright was a sales manager at one of these outlets, and that he had nothing to do with the over-all Robinson business, other than the cars sold in the particular outlet where he was manager; that Robinson maintained headquarters for his business where the principal paper work as to car titles was done, and this location was in a different location than the one where Wright worked. It is true that Wright was an employee of Robinson, and was on a straight salary, but he received no commission on sales of cars. This testimony is absolutely without dispute. It is true that plaintiff Lewis bought a car from the lot where Wright was sales manager, and that Morris Robinson had mortgaged this particular car to a finance company, and never paid off the mortgage. Some weeks later the finance company recovered the car from plaintiff Lewis through legal action. After that suit Lewis brought the instant suit, and alleged that Wright had promised him he would get a title to the car, and seek damages for loss of the car, the payments he had made, the car he had traded in and loss of income and exemplary damages. In the default judgment he recovered damages for all he asked from Morris Robinson, individually, and dba Morris Robinson Motor Company. Plaintiff tendered in evidence the order showing the sale by Morris Robinson Motor Company to plaintiff Warren Lewis, and this exhibit shows that Ashley was the salesman. There is printed on the sales order: "Morris Robinson Motor Co. Approved by:", and under the word "Approved" is the name "Wright". Plaintiff tendered in evidence a final judgment in favor of Associates Investment Company entered against Morris Robinson, Individually, and

**150**

dba Morris Robinson Motor Company and Warren Lewis, in the 44th Judicial District Court of Dallas County, in which judgment Associates Investment Company foreclosed its lien against Morris Robinson, Individually, and dba Morris Robinson Motor Company and Warren Lewis. There is not a scintilla of evidence to suggest that Wright knew that Lewis would not get his title, nor is there a scintilla of evidence to suggest that Wright had any reason to suspect or suspicion that Lewis would not get his title; nor is there a scintilla of evidence to indicate that Wright was acting for himself, but the record conclusively shows that he was acting solely as a sales manager, and there is nothing to indicate that he made any false statements or representations to plaintiff, Warren Lewis. The evidence and exhibits tendered by the plaintiff show conclusively that Ashley was the salesman; that Wright approved the sale, and there is nothing to indicate that when Wright approved the sale that he had any design in his mind to deceive or cheat the plaintiff by failing to carry out the sales agreement. Needless to say the evidence shows without dispute that the matter of the title papers had to be handled through the regular headquarters office, which office was maintained at a place other than the place where Wright was sales manager. See Collier v. Bankston-Hall Motors, Inc., Tex.Civ.App., 267 S.W.2d 898, Points 1 and 3, and cases there cited. We have carefully examined Points 1 and 3 and there is absolutely no merit in either of these, and each is overruled. No issue of deceit, fraud or misrepresentation is tendered in this record against Wright in his capacity as sales manager, and since he purported to act only for his employer, and since he made no fraudulent representations, and was guilty of no deceit in this transaction, as disclosed in this record, the court should have granted his motion for directed verdict, and having failed to do so, it was its duty to grant his motion for judgment non obstante veredicto, and accordingly, the judgment of the Trial Court in so doing, is affirmed.