IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0815
════════════
 
Intercontinental Group 
Partnership, Petitioner,
 
v.
 
KB Home Lone Star L.P., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued March 12, 
2009
 
 
 
            
Justice Brister, joined by Justice O’Neill, Justice Wainwright and 
Justice Medina, dissenting.
 
            
You would hardly know it from the Court’s opinion, but the only question 
in this case is what the parties intended in a contract providing attorney’s 
fees for “the prevailing party.” In the rush to find a simple answer, the Court 
grabs the nearest tool at hand: federal and state laws using the same words. But 
legislative intent (which forms the basis of the companion case decided today1) is not the same as the parties’ intent, 
unless the parties intended to adopt the same meaning—and there is no evidence 
here that they did. To the contrary, we must presume they did not, as the 
defendant filed only a partial reporter’s record with no statement of points.2
            
The judgment here granted the plaintiff KB Home no damages, but, as the 
Court admits, “nothing in the contract expressly requires that a party receive 
any amount of damages” before recovering its fees.3 The contract provided fees to the 
prevailing party in an action “to declare rights hereunder,” and the judgment 
here declared that the defendant Intercontinental breached the contract. This 
alone was enough to justify the fee award.
            
KB Home’s victory in the trial court was not Pyrrhic—that is, a victory 
“won at excessive cost.”4 Until now, this suit cost KB Home nothing 
because the jury assessed fees against its opponent. It hardly seems fair to 
declare that KB Home gained nothing by this suit after setting aside the 
part of the jury verdict and judgment in which it gained something.
            
I agree with the court of appeals that under this contract, “liability, 
not damages, is the appropriate indicator of which party has prevailed in 
litigation.”5 Accordingly, I would affirm the judgment 
for the plaintiff; because the Court does otherwise, I respectfully dissent.
I. “To Declare Rights Hereunder”
            
Texas follows “the American Rule” prohibiting recovery of attorney’s fees 
unless provided by contract or statute.6 As this fee award depends entirely on a 
contract, we must start with the contract’s terms:
 
Attorney’s Fees. If 
either party named herein brings an action to enforce the terms of this Contract 
or to declare rights hereunder, the prevailing party in any such action, on 
trial or appeal, shall be entitled to his reasonable attorney’s fees to be paid 
by [the] losing party as fixed by the court.
 
Even if 
“prevailing party” status usually requires an award of money damages (which, as 
shown below, it does not), this contract precludes such an interpretation for 
three reasons. First, the contract provides fees for a prevailing 
defendant as well as a prevailing plaintiff. A defendant with no 
counterclaim could never recover money damages, yet under this contract would be 
entitled to recover its attorney’s fees anyway.
            
Second, the contract provides for fees in actions “to declare rights 
hereunder.” An action to “declare rights” is not an action for money damages; a 
declaratory judgment may be rendered on liability alone without any reference to 
damages.7 The Court says KB Home did not obtain a 
judgment declaring its rights, but that is not what the judgment itself says. 
After detailing the jury’s verdict, the judgment explicitly states on page 4 
that Intercontinental “failed to comply with the Santa Clara Lot Contract” and 
its “failure to comply was not excused.” What more could a judgment say to 
declare the parties’ contractual rights?
            
Third, a party with no damages can still bring an action “to enforce the 
terms” of a contract. Since its earliest days, Texas law has provided that a 
party who has suffered no damages may still obtain nominal damages for breach of 
contract.8 A party with no damages may also seek 
rescission or specific performance.9 Money damages may be indispensable in 
contract claims seeking money damages, but not for contract claims 
seeking something else.
            
The Court says “[a] stand-alone finding on breach confers no benefit 
whatsoever.”10 But this judgment did not rescind the 
contract or render it void, and there was no evidence all the lots in Santa 
Clara had been sold. While KB Home did not request specific performance, that does not mean either party no longer has to 
perform. Before suit was filed, Intercontinental acted as if it were excused 
from the contract; this judgment says it is not. That seems to me precisely the 
kind of “judicially sanctioned change in the legal relationship of the 
parties”11 that makes KB Home at least partly the 
winner.
            
The Court avoids the parties’ contract by looking entirely to federal and state statutory law, but those laws are 
drafted differently. In Texas, statutory attorney’s fees for breach of contract 
require a monetary recovery because the statute provides for fees only when 
recovered “in addition to the amount of a valid claim.”12 The federal Declaratory Judgment Act 
does not authorize attorney’s fees,13 so the Supreme Court cases said to be 
“helpful in this area” all concern federal statutes attaching attorney’s fees to 
a damages claim.14 Of course, the Supreme Court’s views are 
not just “helpful” but binding when we construe those federal statutes. 
But that is not the case when we apply Texas law to construe a Texas contract 
whose terms differ from any existing federal or state law. As there is no 
evidence the parties contracted with reference to these statutes or cases, 
relying on them simply replaces the parties’ intent with someone else’s.
            
I agree that if a statute of limitations or some other affirmative 
defense barred KB Home’s contract claim, it could not be the prevailing party. 
But the judgment in such a case would declare that KB Home had no contractual 
rights due to that affirmative defense. By contrast, the absence of damages does 
not preclude a declaration that KB Home has a right to contract performance. 
Reading this contract as a whole, the parties never intended zero damages to 
mean zero attorney’s fees.
II. “Prevailing Party”
            
There is a another reason KB Home is entitled to 
attorney’s fees under this contract and this judgment: it was the “prevailing 
party” as that term is understood in Texas law. The contractual context here 
shows the parties did not intend “prevailing party” to require damages, but the 
term itself would require the same conclusion regardless of context.
            
When looking for common and ordinary meanings of legal terms, we 
routinely refer to Black’s Law Dictionary,15 which defines “prevailing party” as “[a] 
party in whose favor a judgment is rendered, regardless of the amount of 
damages awarded.”16 By ignoring the 
second phrase and making the $0 damage award dispositive, the Court departs from the ordinary meaning of 
“prevailing party.”
            
Earlier editions of Black’s from the 1960s until the 1990s included an 
additional qualifier—that “prevailing party” should focus on the “main issue” in 
the litigation:
 
Prevailing party. The party to a suit who successfully 
prosecutes the action or successfully defends against it, prevailing on the 
main issue, even though not necessarily to the extent of his original 
contention.17
 
This “main 
issue” qualification has been adopted by 11 of the 14 courts of appeals in 
Texas.18
            
In this litigation, there is no doubt the main issue was the defendant 
Intercontinental’s counterclaim. The parties’ contract 
reserved every lot in the Santa Clara subdivision for KB Home, and 
Intercontinental conceded it sold some of those lots to third parties. Thus, the 
main issue was not whether Intercontinental had breached the contract; it 
clearly had. Instead, the main issue was whether that breach was excused by KB 
Home’s refusal to buy lots at high prices elsewhere in return for buying at low 
prices in Santa Clara. The jury rejected that counterclaim, so KB Home was the 
prevailing party on the main issue in this litigation.19
            
The Court rejects main-issue analysis (although adopted by virtually 
every other Texas court) because Intercontinental’s 
counterclaim was not “an action to enforce the terms of this 
Contract.”20 But to recover on this contract, KB Home 
had to prove it had not been orally amended by another. As we held in Varner 
v. Cardenas, attorney’s fees for enforcing a contract include those incurred 
overcoming counterclaims raised in defense.21
            
Oddly, the Court’s opinion today means Intercontinental was the 
prevailing party, even though it was the only party that breached. The Court 
avoids awarding Intercontinental attorney’s fees on the ground that it failed to 
preserve error. But future contract breakers may not make the same mistake. It 
is hard to see the justice in reading this common contract provision to provide 
attorney’s fees for the party that committed the breach.
            
The Court’s rule also ignores the reality that everybody incurs costs 
when a contract fails. Breach of contract damages include lost profits 
(expectancy), out-of-pocket expenses (reliance), and restitution;22 most litigants pursue only lost profits 
as that is normally the largest measure. But today’s ruling requires parties to 
sue for all of them, no matter how small, to make sure they will “prevail” by 
receiving some kind of money judgment.
            
The Court’s no-damages/no-fees rule is certainly easy to apply, but 
making life easy for judges is not a rule of contract construction.23 Whether a party 
prevailed in litigation is a mixed question of law and fact. Perhaps in some 
cases a $1 recovery represents a substantial victory for the plaintiff, but in 
most cases it represents a total loss; treating every plaintiff who wins $1 as a 
prevailing party is not what most people intend when they sign a contract like 
this.
            
The contract here called for attorney’s fees to be “fixed by the court,” 
and the trial judge awarded them to KB Home. With only a partial trial record, 
we must presume that was right.
IV. Conclusion
            
I agree there is little reason to encourage suits by those who have 
suffered no damages solely so an attorney can recover a large fee. But that is 
not the way litigation usually works, or what occurred here. Lost profits from a 
venture that failed are always hard to assess, so litigants often believe they 
have been damaged until a jury tells them they have not. I would not punish such 
litigants for failing to prove damages unless that is what their contract 
requires.
            
Markets, especially in real estate, can rise or fall substantially in a 
very short time. Under the Court’s interpretation, the “prevailing party” 
entitled to attorney’s fees may depend precisely upon those swings, not upon who 
was in the wrong. That may be a reasonable way to draft a statute, but that is 
not what the parties contracted for here. Accordingly, I would affirm the 
judgment of the trial court and court of appeals.
 
                                                                                                                                                
            
_________________________
                                                                                                                                                            
Scott Brister
                                                                                                                                                            
Justice
 
OPINION 
DELIVERED: August 28, 2009








[1] 
See MBM Fin. Corp. v. Woodlands Operating 
Co., ___ S.W.3d ___ (Tex. 
2009).

[2] 
See Feldman v. Marks, 960 S.W.2d 613, 614 (Tex. 1996) (per curiam) (“If an appellant fails to present a complete 
statement of facts on appeal, the appellate court must presume that the omitted 
portions are relevant and support the trial court’s judgment.”); Tex. R. App. P. 34.6(c)(1).

[3] 
___ S.W.3d at ___ (quotation marks 
omitted).

[4] Webster’s Third New 
International Dictionary 1855 
(2002).

[5] ___ S.W.3d at ___.

[6] 
Tony Gullo Motors I, 
L.P. v. Chapa, 212 S.W.3d 299, 310-11 
(Tex. 2006).

[7] 
CU Lloyd’s of Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998) (per curiam) (“When the relief sought is a declaratory judgment, 
an appellate court may properly render judgment on liability 
alone.”).

[8] 
See, e.g., Lubbock Mfg. Co. v. Sames, 598 S.W.2d 234, 237 (Tex. 1980); Malakoff Gin 
Co. v. Riddlesperger, 192 S.W. 530, 532 (Tex. 
1917); Porter v. Kruegel, 155 S.W. 174, 175 
(Tex. 1913); Raymond v. Yarrington, 73 S.W. 
800, 804 (Tex. 1903); Davis v. Tex. & P. Ry., 44 S.W. 822, 823 (Tex. 1898); Seibert v. 
Bergman, 44 S.W. 63, 64 (Tex. 1898); East Line & Red River R.R. v. 
Scott, 10 S.W. 99, 102 (Tex. 1888); Stuart v. W. Union Tel. Co., 18 
S.W. 351, 352 (Tex. 1885); Moore v. Anderson, 30 Tex. 224, 231 (1867); 
Hope v. Alley, 9 Tex. 394, 395 (1853); McGuire v. Osage Oil Corp., 
55 S.W.2d 535, 537 (Tex. Comm’n App. 1932, holdings 
approved); see also Note, Pleading—Necessity of Damage to Cause of 
Action, 9 Tex. L. Rev. 111, 
112 (1930) (citing cases).

[9] 
See, e.g., DiGiuseppe v. Lawler, 
269 S.W.3d 588, 594 (Tex. 2008) (specific performance); Country Cupboard, 
Inc. v. Texstar Corp., 570 S.W.2d 70, 73-74 (Tex. 
Civ. App.—Dallas 1978, writ ref’d n.r.e.) (rescission).

[10] ___ S.W.3d at ___.

[11] See 
Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human 
Res., 532 U.S. 598, 605 (2001); id. 
at 615 (Scalia, J., 
concurring) (stating that “prevailing party” has “traditionally” and 
“invariably” meant “the party that wins the suit or obtains a finding (or an 
admission) of liability”).

[12] Tex. Civ. Prac. & Rem. Code 
§ 38.001 (emphasis added); see MBM Fin. 
Corp. v. Woodlands Operating Co., ___ S.W.3d ___, ___ (Tex. 2009); 
Mustang Pipeline Co. v. Driver Pipeline Co., 134 S.W.3d 195, 201 (Tex. 
2004) (per curiam); Green Int’l, Inc. v. Solis, 
951 S.W.2d 384, 390 (Tex. 1997); State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 
1995).

[13] See AG 
Acceptance Corp. v. Veigel, 564 F.3d 695, 701 (5th Cir. 2009) (noting the federal 
Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, authorizes attorney’s fees 
only if state substantive law provides for them); see also Camacho v. Tex. 
Workforce Comm’n, 445 F.3d 407, 409-12 (5th Cir. 
2006) (holding Texas Declaratory Judgment Act does not represent “state 
substantive law”).

[14] See County 
of Dallas v. Wiland, 216 S.W.3d 344, 358 n.61 (Tex. 2007) (addressing 
attorney’s fees provided by 42 U.S.C. § 1988); Sw. Bell Mobile Sys., Inc. v. Franco, 971 
S.W.2d 52, 55-56 (Tex. 1998) (per curiam) (addressing 
attorney’s fees provided by Texas Labor Code § 21.259, a statute intended to 
effectuate Title VII of the federal Civil Rights Act, see id. § 21.001); 
Grounds v. Tolar Indep. 
Sch. Dist., 856 S.W.2d 417, 423 (Tex. 1993) 
(Gonzalez, J., concurring) (addressing attorney’s fees provided by 42 U.S.C. 
§ 1988).

[15] See, 
e.g., Ingram v. Deere, ___ 
S.W.3d ___, ___ (Tex. 2009); Entergy Gulf States, Inc. v. Summers, 282 
S.W.3d 433, 437-38, 441 (Tex. 2009); Guitar Holding Co. v. Hudspeth County 
Underground Water Conservation Dist. No. 1, 263 S.W.3d 910, 916 n.6 (Tex. 
2008); Hyundai Motor Co. v. Vasquez, 189 S.W.3d 743, 751 n.33 (Tex. 
2006); Am. Mfrs. Mut. Ins. Co. v. 
Schaefer, 124 S.W.3d 154, 158-59 (Tex. 
2003).

[16] Black’s Law 
Dictionary 1154 (8th ed. 2004) (emphasis 
added).

[17] Black’s Law Dictionary 1188 
(6th ed. 1990) (emphasis added); see also Black’s Law Dictionary 1069 (5th ed. 
1979); Black’s Law Dictionary 
1352 (4th ed. 1968).

[18] 1st: Indian Beach Prop. Owners’ Ass’n v. Linden, 222 S.W.3d 
682, 696-97 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Weng Enters., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 222-23 (Tex. App.—Houston [1st 
Dist.] 1992, no writ).
 
2nd: Taylor Elec. Servs., 
Inc. v. Armstrong Elec. Supply Co., 167 S.W.3d 522, 532-33 (Tex. App.—Fort 
Worth 2005, no pet.); Head v. U.S. Inspect DFW, Inc., 159 S.W.3d 731, 749 
(Tex. App.—Fort Worth 2005, no pet.).
 
3rd: Lay v. Whelan, No. 03-03-00115-CV, 2004 WL 
1469246, at *6 (Tex. App.—Austin July 1, 2004, pet. denied); Cysco Enters., Inc. v. Hardeman Family Joint 
Venture, Ltd., No. 03-02-00230-CV, 2002 WL 31833724, at *6 (Tex. App.—Austin 
Dec. 19, 2002, no pet.).
 
4th: City of Laredo v. Almazan, 115 S.W.3d 74, 78 (Tex. App.—San Antonio 2003, 
no pet.).
 
5th: Blockbuster, Inc. v. C-Span Enter., Inc., 
276 S.W.3d 482, 491 (Tex. App.—Dallas 2008, pet. granted); In re 
M.A.N.M., 231 S.W.3d 562, 566 (Tex. App.—Dallas 2007, no pet.); Probus Props. v. Kirby, 200 S.W.3d 258, 265 
(Tex. App.—Dallas 2006, pet. denied).
 
6th: Moore v. Jet Stream Invs., Ltd., 261 S.W.3d 412, 431 n.15 (Tex. 
App.—Texarkana 2008, pet. denied); In re Estate of Bean, 206 S.W.3d 749, 
764 (Tex. App.—Texarkana 2006, pet. denied).
 
7th: Brent v. Field, 275 S.W.3d 611, 622 (Tex. 
App.—Amarillo 2008, no pet.); Dean Foods Co. v. Anderson, 178 S.W.3d 449, 
454 (Tex. App.—Amarillo 2005, pet. denied).
 
8th: Guitar Holding Co. v. Hudspeth County 
Underground Water Conservation Dist. No. 1, 209 S.W.3d 146, 168 (Tex. 
App.—El Paso 2006), rev’d on other 
grounds, 263 S.W.3d 910 (Tex. 2008).
 
12th: Robbins v. Capozzi, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no 
pet.).
 
13th: Pegasus Energy Group, Inc. v. Cheyenne 
Petroleum Co., 3 S.W.3d 112, 128 (Tex. App.—Corpus Christi 1999, pet. 
denied); Norrell v. Aransas County Navig. Dist. No. 1, 1 S.W.3d 296, 303 (Tex. App.—Corpus Christi 1999, 
pet. dism’d).
 
14th: 4901 Main, Inc. v. TAS Auto., Inc., 187 
S.W.3d 627, 634 (Tex. App.—Houston [14th Dist.] 2006, no pet.); Emery Air 
Freight Corp. v. Gen. Transp. Sys., Inc., 933 
S.W.2d 312, 316 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

[19] See Cysco Enters., 2002 WL 31833724, at *6 (holding 
defendant was prevailing party on main issue even though jury awarded it no 
damages on its counterclaim).

[20] ___ S.W.3d at ___.

[21] See 
218 S.W.3d 68, 69 (Tex. 2007) (per 
curiam).

[22] Restatement (Second) of 
Contracts § 344 (1981); see Quigley v. 
Bennett, 227 S.W.3d 51, 56 (Tex. 2007) (Brister, J., concurring in part and 
dissenting in part); Lon L. Fuller & William R. Perdue, The Reliance 
Interest in Contract Damages, 46 Yale L.J. 52, 56 
(1936).

[23] I do not know 
what the Court means when it says the Supreme Court’s opinion in Buckhannon 
“basically held ‘no money judgment, no fees.’” ___ S.W.3d 
at ___ n.26. The question in Buckhannon was not money judgments 
but collateral consequences—whether legislative action apart from any judgment 
could make a litigant the prevailing 
party.